**FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant,**

v.

**CALDWELL LIVESTOCK COMMISSION COMPANY, INC., Appellee.**

No. B14–84–841–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 8, 1985.

Rehearing Denied Sept. 19, 1985.

Roger Townsend of Fulbright & Jaworski, Houston, for appellant.

W. Stephen Rodgers, Bryan, for appellee.

Before MURPHY, DRAUGHN and SEARS, JJ.

## OPINION

MURPHY, Justice.

On appellee's motion for rehearing, the Court's opinion issued June 27, 1985 is withdrawn and the following is substituted therefor. Appellee's motion for rehearing is overruled.

This is an appeal from a judgment awarded to a seller of livestock against the surety on a surety bond covering a buyer's default in payment of the purchase price. We hold that the trial court erred in its interpretation of the conditions precedent to recovery provided for in the surety bond, and therefore erred in its holding that the seller complied with the conditions precedent. We reverse and render.

Appellee, Caldwell Livestock Commission Co., Inc. sued Bub Davis Packing Co. as principal and appellant, Fidelity and Deposit Co. of Maryland, as surety, on a bond, which followed the form provided by The Packers and Stockyard Administration, for default in payment for the purchase of cattle. Fidelity and Deposit refused to pay on the bond and asserted as a defense at trial that it was relieved of liability because Caldwell failed to file written notice within 120 days of the time its claim arose as required in the following provisions of the bond:

(d) Any claim for recovery on this bond must be filed in writing with either the Surety, or the Trustee if one is named, or the Administrator, Packers and Stockyards Administration, United States Department of Agriculture, Washington, D.C. 20250, and whichever of these parties receives such a claim shall notify the other such party or parties at the earliest practicable date. All claims must be filed within 120 days of the date of the transaction on which claim is made. Suit thereon shall not be commenced in less than 180 nor more than 547 days (which is approximately 18 months) from the date of the transaction on which the claim is based.

(f) The Surety shall not be liable to pay any claim for recovery on this bond if it is not filed in writing within 120 days from the date of the transaction on which the claim is based, or if suit thereon is commenced less than 180 or more than 547 days (which is approximately 18 months) from the date of the transaction on which the claim is based.

The trial court awarded Caldwell judgment on the bond and upon request for findings of fact and conclusions of law determined that (1) Caldwell filed suit within the time provided by the bond to preserve their claim; (2) the terms of the bond providing for steps in collection are ambiguous; and (3) the provision for notice to the surety, Secretary of Agriculture or an agency thereof is not an absolute prerequisite to recovery under the terms of the bond.

In its first three points of error, Fidelity and Deposit contends that the trial court erred in the findings stated above and in allowing recovery on the bond when notice was not given within 120 days of the transaction sued on as required by the bond. We sustain these points. The bond is unambiguous and there is no need to result to rules of construction. The obvious meaning of subsection (f) is that the surety, Fidelity and Deposit, shall not be liable to pay any claim for recovery on the bond (1) if the claim is not filed in writing within 120 days from the date of the trans-

action on which the claim is based or (2) if suit is commenced less than 180 days or more than 547 days from the date of the transaction on which the claim is based. We interpret subsection (f) to exculpate the surety from liability if the claimant fails to comply with either of the conditions stated therein.

It is undisputed that Caldwell failed to file a written claim within 120 days of the transaction on which the claim is based. The transaction on which the claim is based occurred in June, 1978 when payment for the livestock was due and Bub Davis made payment with hot checks. Caldwell did not file its original petition until August 13, 1979. Therefore, the trial court erred in granting Caldwell judgment on the bond.

■ Also, we can find no basis for the trial court's conclusion that the requirement in subsection (d) that written notice be given to the surety, Secretary of Agriculture, or agency thereof is not a prerequisite to recovery. Subsection (f) clearly makes the filing of a claim in writing a prerequisite to recovery.

Caldwell alleges that it was led to forbear in filing written notice or suit through a settlement offer by the principal-creditor, Bub Davis Packing Co.. After Bub Davis defaulted on the transactions of May and June of 1978, it offered to settle the claim by making weekly payments of $1,000. Bub Davis began payments on August 23, 1978, and stopped in December of 1978. Thereafter, Caldwell filed suit on the claim. Caldwell contends that the surety should not escape liability when the principal by its actions has led the claimant to delay in prosecuting its claim.

■ The bond does not provide for delays in filing written notice or suit because of attempts by the debtor-principal and the creditor to settle claims. The terms of the bond govern the surety's liability and its liability cannot be altered by agreements between the principal-debtor and the claimant-creditor absent the consent of the surety. See *Mandril v. Ka-*

*sishke*, 620 S.W.2d 238, 244 (Tex.Civ.App.— Amarillo 1981, writ ref'd n.r.e.).

Fidelity and Deposit was exculpated from liability under the bond by Caldwell's failure to file written notice within 120 days. We therefore reverse the portion of the trial court's judgment which grants Caldwell recovery against Fidelity and Deposit and render judgment that Caldwell take nothing by its suit against Fidelity and Deposit.

Appellant raises four additional points of error. Our disposition of this appeal renders it unnecessary to review them.